UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FILED

AUG - 6 2009

Clerk, U.S. District and
Bankruptcy Courts

**MICHAEL I. KROLL,**
    **Patent Attorney**
    **115 Eileen Way, Suite 105**
    **Syosset, New York 11791**

      **Plaintiff, *pro se*,**

    *v.*

Case: 1:09-cv-01484
Assigned To : Robertson, James
Assign. Date : 8/6/2009
Description: TRO/PI

**JOHN J. DOLL,**
    **in his Official Capacity as Director**
    **of the United States Patent and**
    **Trademark Office,**
    **U.S. Patent and Trademark Office**
    **Randolph Building**
    **401 Dulany Street**
    **Alexandria, Virginia 22314**

**HARRY I. MOATZ,**
    **in his Official Capacity as Director**
    **of the Office of Enrollment and**
    **Discipline of the United States Patent**
    **and Trademark Office,**
    **U.S. Patent and Trademark Office**
    **Randolph Building**
    **401 Dulany Street**
    **Alexandria, Virginia 22314,**

      **Defendants.**

## COMPLAINT

Plaintiff, *pro se*, Michael I. Kroll for his *Complaint* hereby alleges that:

.

## The Parties

1. Plaintiff Michael I. Kroll is a natural person and citizen of the State of New York, having his principal place of business at 115 Eileen Way, Suite 105, Syosset, New York 11791, and at all relevant times has been, and presently is, a member of the Bar of the State of New York and is registered to practice as a patent attorney before the United States Patent and Trademark Office.

2. Defendant John J. Doll is Director of the United States Patent and Trademark Office, and is being sued solely in his official capacity as such.

3. Defendant Harry I. Moatz is Director of the Office of Enrollment and Discipline of the United States Patent and Trademark Office, and is being sued solely in his official capacity as such.

## COUNT I

### Claim for Declaratory Judgment and Injunctive Relief for Permanently Enjoining Defendants from Prosecuting a Disciplinary Hearing Commenced Against Plaintiff Before an Administrative Law Judge of the Environmental Protection Agency in Violation of the Statutory Requirements of 35 U.S.C. §32

4. This is a claim for declaratory judgment seeking a declaration that, and seeking attendant injunctive relief permanently enjoining, Defendants John J. Doll and Harry I. Moatz, in their official capacities as representatives of the United States Patent and Trademark Office, from prosecuting a disciplinary proceeding seeking the suspension or exclusion of Plaintiff Michael I. Kroll from the practice of law before the Patent and

Trademark Office, on the ground that the disciplinary proceeding commenced by Defend-

ants is before an administrative law judge of the Environmental Protection Agency and is

therefore contrary to, and in violation of, the statutory requirement of 35 U.S.C. §32 that

any such disciplinary proceeding be conducted by Defendant John J. Doll, as Director of

the United States Patent and Trademark Office, or by a person statutorily permitted to be

designated by Defendant John J. Doll in accordance with 35 U.S.C. §32.

   5. This claim arises under the Patent Laws of the United States, Title 35 of the

United States Code. This Court has jurisdiction over the subject matter of this claim

pursuant to 28 U.S.C. §§1331, 1338(a), in combination with 28 U.S.C. §§ 2201 and 2202.

   6. On May 1, 2009, Defendant Harry I. Moatz, as Director of the Office of

Enrollment and Discipline of the United States Patent and Trademark Office, commenced

a disciplinary proceeding against Plaintiff Michael I. Kroll, pursuant to 35 U.S.C. §32,

that currently remains pending before Susan L. Biro, Chief Administrative Law Judge of

the Environmental Protection Agency.

   7. Title 35, United States Code, §32 provides, in relevant part, that: "The Director

may, after a hearing, suspend or exclude . . . from further practice before the Patent and

Trademark Office, any person, agent, or attorney  . . . who does not comply with the

regulations" or other disciplinary requirements of the United States Patent and Trademark

Office.

   8. Title 35, United States Code, §32 provides Defendant John J. Doll, as Director

of the United States Patent and Trademark Office, with the authority to personally conduct a hearing regarding a disciplinary matter concerning a person registered to practice before the United States Patent and Trademark Office, following which the Director may suspend or exclude such person having been found to be in violation of the disciplinary regulations of the Patent and Trademark Office.

9. While Defendant John J. Doll, as Director of the United States Patent and Trademark Office, may conduct a disciplinary hearing as provided for by 35 U.S.C. §32, this statutory provision does not require the Director of the United States Patent and Trademark Office to personally conduct all such disciplinary hearings commenced pursuant to 35 U.S.C. §32.

10. While Defendant John J. Doll, as Director of the United States Patent and Trademark Office may personally choose to conduct a disciplinary hearing as provided for by 35 U.S.C. §32, the Director has the "discretion," as set forth in 35 U.S.C. §32, to "designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing required by this [statutory] section."

11. An administrative law judge of the Environmental Protection Agency has been designated by Defendant John J. Doll, as Director of the United States Patent and Trademark Office, and/or by Defendant Harry I. Moatz, as Director of the Office of Enrollment and Discipline of the United States Patent and Trademark Office, to conduct the disciplinary hearing commenced, pursuant to 35 U.S.C. §32, against Plaintiff Michael I. Kroll.

-4-

12. While Defendant John J. Doll, as Director of the United States Patent and Trademark Office, could have chosen to personally conduct the disciplinary hearing brought against Plaintiff Michael I. Kroll, and while Defendant John J. Doll had the "discretion" to "designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing" required by 35 U.S.C. §32, Defendant John J. Doll, either personally, or by authorization provided to Defendant Harry I. Moatz, as Director of the Office of Enrollment and Discipline of the Patent and Trademark Office, chose not to personally conduct the disciplinary hearing brought against Plaintiff Michael I. Kroll, as required by 35 U.S.C. §32, and chose not to exercise his statutory "discretion" to "designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing" as required by 35 U.S.C. §32, to which Plaintiff Michael I. Kroll is entitled, but, instead, Defendant John J. Doll, directly or by authorization provided to Defendant Harry I. Moatz, chose to designnate an attorney or employee of the Environmental Protection Agency to conduct the hearing to which Plaintiff Michael I. Kroll is entitled, as provided for by 35 U.S.C. §32.

13. The Environmental Protection Agency and the United States Patent and Trademark Office are two separate and distinct agencies within the Executive Branch of the United States government.

14. An administrative law judge of the Environmental Protection Agency is not an "attorney who is an officer or employee of the United States Patent and Trademark Office."

-5-

15.  The "plain meaning" of 35 U.S.C. §32 contains no language, statement, provision, sentence or section of any type whatsoever providing Defendant John J. Doll, as Director of the Patent and Trademark Office, the discretion to designate an administrative law judge of the Environmental Protection Agency to conduct the hearing to which Plaintiff Michael I. Kroll is entitled to under 35 U.S.C. §32.

16.  If Defendant John J. Doll, as Director of the Patent and Trademark Office, chooses not to personally conduct the disciplinary hearing required by 35 U.S.C. §32 and also has the "discretion" under 35 U.S.C. §32 to appoint a person who is not an "attorney who is an officer or employee of the United States Patent and Trademark Office" to conduct the hearing required by 35 U.S.C. §32, then the sentence in 35 U.S.C. §32, which reads that "[t]he Director shall have the discretion to designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing required by this section," would be rendered meaningless.

17.  If Defendant John J. Doll, as Director of the Patent and Trademark Office, chooses not to personally conduct the disciplinary hearing required by 35 U.S.C. §32 and also has the "discretion" under 35 U.S.C. §32 to appoint a person who either is, or is not, an "attorney who is an officer or employee of the United States Patent and Trademark Office" to conduct the hearing required by 35 U.S.C. §32, then the sentence in 35 U.S.C. §32, which reads that "[t]he Director shall have the discretion to designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing required by this section," would be rendered meaningless.

-6-

18. Statutory language present in a statute is not be to construed or interpreted as being meaningless, if an alternative statutory construction would effect meaning to language of the statute being construed or interpreted.

19. The sentence in 35 U.S.C. §32, which reads that "[t]he Director shall have the discretion to designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing required by this section," in order to avoid being void of all meaning, bars the designation by the Director of the United States Patent and Trademark Office of an administrative law judge of the Environmental Protection Agency to conduct the hearing required by 35 U.S.C. §32.

20. The literal language of 35 U.S.C. §32 does not include the statement: "The Director shall have the discretion to designate any officer or employee of the United States government to conduct the hearing required by this section."

21. Congress had the constitutional authority to draft 35 U.S.C. §32 to include the statement: "The Director shall have the discretion to designate any officer or employee of the United States government to conduct the hearing required by this section," but instead included the following statement in 35 U.S.C. §32: "The Director shall have the discretion to designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing required by this section."

22. Congress has the constitutional authority to amend 35 U.S.C. §32 to include the statement: "The Director shall have the discretion to designate any officer or

employee of the United States government to conduct the hearing required by this section."

23. Congress has not amended 35 U.S.C. §32 to include the statement: "The Director shall have the discretion to designate any officer or employee of the United States government to conduct the hearing required by this section."

24. The literal language of 35 U.S.C. §32 does not include the statement: "The Director shall have the discretion to designate an administrative law judge of the Environmental Protection Agency to conduct the hearing required by this section."

25. Congress had the constitutional authority to draft 35 U.S.C. §32 to include the statement: "The Director shall have the discretion to designate an administrative law judge of the Environmental Protection Agency to conduct the hearing required by this section," but instead included the following statement in 35 U.S.C. §32: "The Director shall have the discretion to designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing required by this section."

26. Congress has the constitutional authority to amend 35 U.S.C. §32 to include the statement: "The Director shall have the discretion to designate an administrative law judge of the Environmental Protection Agency to conduct the hearing required by this section."

27. Congress has not amended 35 U.S.C. §32 to include the statement: "The Director shall have the discretion to designate an administrative law judge of the Environmental Protection Agency to conduct the hearing required by this section."

28. The disciplinary hearing, required by 35 U.S.C. §32 and commenced by Defendants against Plaintiff Michael I. Kroll before an administrative law judge of the Environmental Protection Agency, is contrary to the requirement of 35 U.S.C. §32 that the disciplinary hearing required by 35 U.S.C. §32 be conducted either by the Director, personally, or a designated "attorney" who is also "an officer or employee of the United States Patent and Trademark Office.

29. The disciplinary hearing, required by 35 U.S.C. §32 and commenced by Defendants against Plaintiff Michael I. Kroll before an administrative law judge of the Environmental Protection Agency, is contrary to law, as set forth by 35 U.S.C. §32, is *ultra vires* and Defendants John J. Doll and Harry I. Moatz should therefore be permanently enjoined, without delay, from prosecuting the hearing required by 35 U.S.C. §32 before an administrative law judge of the Environmental Protection Agency.

30. Plaintiff Michael I. Kroll has no adequate remedy at law.

## COUNT II

### Civil Rights Claim for Declaratory, Monetary and Injunctive Relief Arising from Defendants' Violation of Federal Law

31.  This is a civil rights claim, pursuant to 42 U.S.C. §1983, seeking a declaration that, attendant injunctive relief permanently enjoining, and available monetary compensation for, Defendants' violation of federal law, including, but not necessarily limited to, 35 U.S.C. §32 by virtue of the commencement of a disciplinary hearing against Plaintiff Michael I. Kroll, purportedly brought under 35 U.S.C. §32, in which the presiding official is a person designated by Defendant John J. Doll, as Director of the United States Patent and Trademark Office, who is not "an attorney who is an officer or employee of the United States Patent and Trademark Office."

32.  This Court has jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. §1331, 1338(a) and 1343, in combination with 28 U.S.C. §§2201 and 2202.

33.  Plaintiff Michael I. Kroll repeats the allegation of ¶¶ 1-3 and 6-30 of this *Complaint*, as if fully set forth herein.

34.  Defendant John J. Doll, as Director of the United States Patent and Trademark Office, and Defendant Harry I. Moatz, as Director of the Office of Enrollment and Discipline of the United States Patent and Trademark Office, are acting, and intend to continue acting, respectively, within the scopes of their official authority to implement and enforce the provisions of 35 U.S.C. §32 in an unlawful and *ultra vires* manner against Plaintiff Michael I. Kroll by designating an administrative law judge of the

Environmental Protection Agency, and proceeding forward with the hearing required by 35 U.S.C. §32 against Plaintiff Michael I. Kroll before the designated administrative law judge of the Environmental Protection Agency.

35. Defendant John J. Doll, as Director of the United States Patent and Trademark Office, and Defendant Harry I. Moatz, as Director of the Office of Enrollment and Discipline of the United States Patent and Trademark Office, are acting, and intend to continue acting, respectively, within the scopes of their official authority to implement and enforce the provisions of 35 U.S.C. §32 in an unlawful and *ultra vires* manner against Plaintiff Michael I. Kroll, thereby depriving Plaintiff Michael I. Kroll of his rights, privileges and immunities afforded him under federal constitutional and statutory laws, including, but not necessarily limited to, 35 U.S.C. §32.

36. Defendant John J. Doll, as Director of the United States Patent and Trademark Office, and Defendant Harry I. Moatz, as Director of the Office of Enrollment and Discipline of the United States Patent and Trademark Office, are liable, in their official capacities only, to Plaintiff Michael I. Kroll for proper redress under 42 U.S.C. §1983.

<u>DEMAND FOR RELIEF</u>

WHEREFORE, Plaintiff, *pro se*, Michael I. Kroll, respectfully requests judgment as follows:

I. The entry of a declaratory judgment holding that the disciplinary hearing required by 35 U.S.C. §32 commenced against Plaintiff Michael I. Kroll by Defendants

-11-

John J. Doll, Director of the United States Patent and Trademark Office, and Harry I.
Moatz, Director of the Office of Enrollment and Discipline of the United States Patent
and Trademark Office, acting in their official capacities as such, before an administrative
law judge of the Environmental Protection Agency, is contrary to law, as set forth by 35
U.S.C. §32, and thereby constitutes a violation of federal patent law, federal civil rights
laws and is *ultra vires.*

II. The entry of an Order granting Plaintiff Michael I. Kroll permanent injunctive
relief enjoining Defendants John J. Doll, Director of the United States Patent and Trade-
mark Office, and Harry I. Moatz, Director of the Office of Enrollment and Discipline of
the United States Patent and Trademark Office, acting in their official capacities as such,
from prosecuting the hearing required by 35 U.S.C. §32 before any person other than the
Director of the United States Patent and Trademark Office or a duly designated attorney
who is an officer or employee of the United States Patent and Trademark Office.

III. All monetary damages, direct and consequential, as permitted by law and as
able to be established by Plaintiff Michael I. Kroll.

IV. That Plaintiff Michael I. Kroll be awarded his reasonable attorney's fees
under Section 2 of the Civil Rights Attorney's Fees Award Act of 1976, as amended, 42
U.S.C. §1988, for all attorney's fees paid, or owing, to attorneys other than Plaintiff who
have assisted Plaintiff in the prosecution of this civil action, or under 35 U.S.C. §285, this
being an "exceptional" case within the meaning of that statutory provision.

-12-

V.  That the Court grant Plaintiff Michael I. Kroll such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: August 3, 2009

Michael I. Kroll, Plaintiff, *pro se*
Patent Attorney
115 Eileen Way, Suite 105
Syosset, New York 11791

*Telephone*: (516)367-7777
*Fax*: (516)677-0305 & 800-367-7704
*E-Mail*: kroll171@yahoo.com